1

2

3

4 **UNITED STATES DISTRICT COURT**

5 **NORTHERN DISTRICT OF CALIFORNIA**

6

7

8 **MONSTER CABLE PRODUCTS,**          **Case No.: 12-CV-2488 YGR**

9          **Plaintiff,**          **ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND**

10          vs.

11 **DOLBY LABORATORIES LICENSING**
**CORPORATION,**

12

13          **Defendant.**

14

15

16          Plaintiff Monster Cable Products ("Monster") filed its complaint for declaratory relief

17 November 8, 2011, (Complaint, Dkt. No. 1) seeking a judicial declaration that Monster's M

18 headphone design mark does not infringe any trademark rights of Defendant Dolby Laboratories

19 Licensing Corporation ("Dolby").  Dolby brings the instant Motion for Judgment on the Pleadings

20 (Dkt. No. 25) pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the grounds that

21 Monster's claim fails as a matter of law to support a declaration of non-infringement.

22          A hearing was held on July 18, 2012.  Attorney Mark R. Leonard of Davis & Leonard, LLP

23 appeared for Monster.  Attorneys George A. Riley and Carlos M. Lazatin of O'Melveny & Myers

24 LLP  appeared for Dolby.

25          Having carefully considered the arguments of the parties, the papers submitted, and the

26 pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion

27 for Judgment on the Pleadings **WITH LEAVE TO AMEND**.

28

**SUMMARY OF ALLEGATIONS**

Monster alleges that it uses a stylized "M" mark ("Monster M Mark") in connection with its products and has done so since May 2002.  (Complaint ¶ 7.)  It applied to register the Monster M Mark August 15, 2002 and the Patent and Trademark Office ("PTO") issued a registration on December 30, 2003.  (Complaint ¶ 8.)   The mark looks as follows:



Dolby has never objected to the Monster M Mark.  (Complaint ¶ 9.) Around December 8, 2009, Monster filed an application to use the Monster M Mark in connection with headphones and the PTO issued a registration of that use June 22, 2010.  (Complaint ¶ 10.)  Around January 4, 2010, Monster applied to register a mark that incorporated the Monster M Mark inside of headphones, "the M Headphone Mark" for use in connection with a variety of devices.  (Complaint ¶ 11.) Dolby objected to that application by filing an action before the Trademark Trial and Appeal Board ("TTAB") on February 16, 2011.  (Complaint ¶ 13.) Dolby contends that the M Headphone Mark is confusingly similar to the Dolby registered design mark (U.S. Reg. No. 2,649,051) used in connection with "Digital signal processing chips; integrated circuits; dvd video players; computers; audio and video surround controllers", shown below (the "Dolby Headphone Mark"). (Complaint ¶¶ 13, 14.)   These are the marks:

M Headphone Mark

Dolby Headphone Mark





Monster filed this complaint for declaratory relief.  The Complaint alleges:

> Monster denies that its M Headphone Mark infringes or dilutes any trademark rights of Dolby whether such rights might arise under federal, state, or common law. Specifically, Monster alleges that the use of headphones as a design element in a mark used in connection with consumer electronics products is not a protectable element of a mark because it is generic and/or aesthetically functional.  Monster further alleges that Dolby has acquiesced to the only other element of the M Headphone Mark, the Monster M Mark, through Dolby's failure to object to Monster's use of that mark for over 8 years and additionally, that laches applies to any such claim. (¶) Monster's use of the Monster M Mark in connection with headphones is within the zone of natural expansion of its product lines and coupled with the generic and/or aesthetically functional element of headphones is not infringing of any rights of Dolby.

(Complaint ¶¶ 16, 17.)  Monster also alleges that many companies use a headphone design element in connection with consumer electronics products and that there are 147 registrations and pending applications in International Class 9 that use a headphone design element in their marks. (Complaint ¶ 12.)

## STANDARDS APPLICABLE TO THE MOTION

Under Rule 12(c) of the Federal Rules of Civil Procedure, judgment on the pleadings may be granted when, accepting as true all material allegations contained in the nonmoving party's pleadings, there are no issues of material fact and the moving party is entitled to judgment as a matter of law. *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989); *Munoz v. Fin. Freedom Senior Funding Corp.*, 567 F. Supp. 2d 1156, 1158 (C.D. Cal. 2008); Fed. R. Civ. P. 12(c).  The applicable standard is essentially the same as a motion to dismiss for failure to allege facts sufficient to state a claim under Rule 12(b)(6).  Thus, although the Court must accept well-pleaded facts as true, it is not required to accept mere conclusory allegations or conclusions of law.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.") (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

United States District Court
Northern District of California

**DISCUSSION**

Dolby seeks to dismiss Monster's claim for declaratory relief regarding trademark infringement because it is based on a theory that has been specifically rejected in Ninth Circuit precedent.  A trademark infringement claim under the Lanham Act of 1946, 15 U.S.C. § 1114, requires a showing that: (1) plaintiff has a valid, protectable trademark; and (2) use of defendant's mark is likely to cause confusion.  *Applied Info. Sci. Corp. v. eBay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007).  As to the first element, absent presumptive validity established by federal registration for at least five years, a trademark infringement plaintiff must show that its mark is inherently distinctive or, alternatively, that it has acquired a secondary meaning in the market distinctive to plaintiff's goods.  *See Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 198 (1985); *Rudolph Int'l, Inc. v. Realys, Inc.*, 482 F.3d 1195, 1197 (9th Cir. 2007).  On the likelihood of confusion element, if the goods of the alleged infringer directly compete, the court looks to the similarity between the marks and evidence of confusion.  If the goods do not compete directly, but are related, the court also considers additional factors —the *Sleekcraft* factors—to assess the likelihood of confusion.  (*AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979); *see also Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1135 (9th Cir. 2006)).  Those additional factors include the strength and similarity of the mark, the proximity of the goods in the market, the marketing channels used, the type of goods and the degree of care likely to be exercised by the purchaser, and the likelihood of expansion of the product lines by both the claimant and the alleged infringer, among others.  *Id.*

Monster argues that it has sufficiently alleged a claim for declaratory relief and therefore the motion should be denied.  Monster has alleged that there is a dispute between itself and Dolby, Dolby has taken the position that the M Headphone Mark infringes and dilutes the Dolby Mark, and Monster denies that.  Therefore, an actual controversy is alleged and the claim is sufficient.  However, in a declaratory relief action, as in any other, the claimant must allege a claim on which relief can be granted.  "A bare allegation that there is a controversy is not enough. The circumstances that have given rise to it should be shown and the interest of the parties made clear."  Wright & Miller, 10B FEDERAL PRACTICE & PROCEDURE § 2768 (3d ed. 2012).

United States District Court
Northern District of California

The problem with Monster's pleading here is not that it has alleged only the bare conclusion that there is a controversy.  Indeed, Monster does not stop at simply alleging that there is a controversy, but goes on to allege material facts and to allege why it contends that the Monster M Headphone Mark does not infringe on the Dolby Mark, namely:

> (1)  (a) "the use of headphones as a design element in a mark used in connection with consumer electronics products is ***not a protectable element*** of a mark because it is generic and/or aesthetically functional;"
> (b) "Dolby has ***acquiesced to the only other element*** of the M Headphone Mark, the Monster M Mark, through Dolby's failure to object to Monster's use of that mark for over 8 years;"
> (c) "laches applies to any such claim;" and
> (2) "use of the Monster M Mark in connection with headphones is within the zone of natural expansion of its product lines and coupled with the ***generic and/or aesthetically functional element*** of headphones is not infringing of any rights of Dolby."

(Complaint ¶¶ 16, 17, emphasis supplied.)  In other words, Monster's Complaint requires the Court to split the mark into its constituent elements and analyze each element to determine whether Dolby can claim infringement.

The theory that the Court can sever the different elements of a design and analyze them separately to determine whether the mark as a whole is protectable has been rejected soundly by the Ninth Circuit.  Ninth Circuit precedent expressly prohibits the dissection of a composite mark into its component parts for purposes of assessing its validity and determining infringement. *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1207 (9th Cir. 2000) ("it is the mark in its entirety that must be considered— not simply individual elements of that mark"). "[U]nder the anti-dissection rule, the validity and distinctiveness of a composite trademark is determined viewing the trademark as a whole, as it appears in the marketplace." *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1392 (9th Cir. 1993); *E & J Gallo v. Proximo Spirits, Inc.*, 2012 WL 947187, at *9 (E.D. Cal. Mar. 20, 2012)  ("The critical inquiry is the overall appearance of the mark as used in the marketplace, not a deconstructionist view of the different components of the mark.") (internal quotations and citations omitted).  A mark's "validity is not judged by an examination of its parts," because it "is the likely reaction of customers to the total mark that is at issue." *Cal. Cooler, Inc. v. Loretto Winery, Ltd.*, 774 F.2d 1451, 1455 (9th Cir. 1985), ***citing Estate of P.D. Beckwith, Inc. v. Comm'r***

United States District Court
Northern District of California

1   *of Patents*, 252 U.S. 538, 545-46 (1920) (impression of a mark derived from the whole, not the

2   individual parts).  A mark is not rendered unprotectable simply because it may be made up of one

3   or more generic elements.  G*oTo.com*, 202 F.3d at 1207 (holding that GoTo's logo is a strong mark

4   despite "the fact that the term 'Go' and green 'Go' circles are certainly common sights on the

5   Internet"); *Cal. Cooler*, 774 F.2d at 1455 ("[T]he composite may become a distinguishing mark

6   even though its components individually cannot.")

7       Consequently, the theory offered by Monster in its complaint—that the Court should

8   consider the parts of the Monster Headphone Mark separately, and apply separate defenses to

9   each—is not viable.  Monster's allegations regarding "aesthetically functional" design,

10   acquiescence, and laches all assume that the Court can break down the Monster Headphone Mark

11   into the individual elements of headphones alone and the Monster M Mark alone.  The clear

12   authority is that the Court cannot do so.

13       The acquiescence and laches arguments would fail with respect to the mark as a whole since

14   the Complaint alleges that Dolby timely objected the Monster Headphone Mark.  That no objection

15   was made to an earlier mark which is later incorporated into a new mark does not determine

16   whether the new mark is infringing.  Defenses applicable to an earlier mark are not extended to a

17   later mark, even when the later mark is derivative of that earlier one.  *See One Indus., LLC v. Jim

18   O'Neal Distrib., Inc.*, 578 F.3d 1154, 1161-62 (9th Cir. 2009); *E & J Gallo*, 2012 WL 947187, at

19   *9.  Further, there are no allegations of active consent by Dolby, as would be necessary to establish

20   acquiescence.  *Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d

21   981, 989 (9th Cir. 2010).  In short, because Monster's alleged theories of non-infringement fail as a

22   matter of law, the Court cannot find that a viable declaratory relief claim is pleaded.

23       Monster's opposition to the motion is notable for the absence of any significant attempt to

24   salvage this element-by-element approach.  Rather, in opposition Monster says that it is not

25   contesting validity (and protectability) of the entire Dolby Headphone Mark.  Instead Monster

26   asserts in its opposition that there is no infringement because there is no likelihood of confusion,

27   and particularly that there is an insufficient showing of strength of the Dolby Headphone Mark.

28   This theory may be a viable basis for contending that Monster did not infringe on Dolby's mark and

is entitled to declaratory relief.  However, it is found nowhere in Monster's complaint.  The mere allegation that other companies use a headphone design element is not sufficient to put Dolby on notice of a claim based on lack of strength or confusion, particularly when the claim itself is drafted to rest entirely on a validity theory.  (*See* Complaint ¶12, 16-17.)

Although Rule 12(c) does not so specify, courts generally have discretion to grant leave to amend, particularly where it appears a claim may be pleaded.  *See, e.g., In re Dynamic Random Access Memory (Dram) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1084 (N.D. Cal. 2007); *see also Swanson v. United States Forest Serv.,* 87 F.3d 339, 343 (9th Cir.1996) (leave to amend generally within discretion of trial court).  There is a strong policy in favor of allowing amendment, unless amendment would be futile, results from bad faith or undue delay, or will unfairly prejudice the opposing party. *Kaplan v. Rose,* 49 F.3d 1363, 1370 (9th Cir.1994).

While the basis offered by Monster in its original complaint is at odds with the controlling authority, it appears that Monster may be able to state a claim.  Therefore, the Motion for Judgment on the Pleadings is **GRANTED WITH LEAVE TO AMEND**.  Monster shall file its amended complaint no later than September 4, 2012.  Dolby shall file its responsive pleading no later than September 18, 2012.

**IT IS SO ORDERED**.

**Date: August 22, 2012**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California

7