1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

MONSTER, INC.

          Plaintiff and
          Counter-Defendant,

    v.

DOLBY LABORATORIES LICENSING
CORPORATION,

          Defendant and
          Counterclaimant.

**Case No.: 12-CV-2488 YGR**

**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO SEAL DOCUMENTS IN CONNECTION WITH CROSS-MOTIONS FOR SUMMARY JUDGMENT**

      Plaintiff/Counter-Defendant, Monster, Inc. ("Monster") and Defendant/Counterclaimant Dolby Laboratories Licensing Corporation ("Dolby") have each filed administrative motions to file under seal in connection with their cross-motions for summary judgment.  Dolby filed motions to seal in connection with its Motion for Summary Judgment (Dkt. No. 87), its Opposition to Dolby's Motion for Partial Summary Judgment (Dkt. No. 100); and its Reply on its own motion (Dkt. No. 113).  Dolby likewise filed motions to seal in connection with its Motion for Partial Summary Judgment (Dkt. No. 80); its Opposition to Monster's Motion for Summary Judgment (Dkt. No. 104); and its Reply (Dkt. No. 111).  Dolby and Monster also each submitted declarations in support of sealing items they had designated as confidential but were filed by the other party, or withdrew certain confidentiality designations, as required by Local Rule 79-5(d).  (*See* Dkt. Nos. 94, 95, 97, 110, 112, 115, 116.)

      A motion to seal documents that are part of the judicial record on a dispositive motion is governed by the "compelling reasons" standard. *Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010).  A "party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings ... outweigh the general history of access and the public

United States District Court
Northern District of California

1   policies favoring disclosure.'" *Id.* (quoting *Kamakana v. City and County of Honolulu,* 447 F.3d

2   1172, 1178-79 (9th Cir. 2006)).  The strong presumption of the right of public access may only be

3   overcome on the basis of "articulable facts known to the court, not on the basis of unsupported

4   hypothesis or conjecture." *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir.1995) (internal

5   citations omitted).  The trial court must weigh relevant factors including the "public interest in

6   understanding the judicial process and whether disclosure of the material could result in improper

7   use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.* at

8   679 n. 6 (quoting *Hagestad,* 49 F.3d at 1434).  Given the importance of the competing interests at

9   stake, any sealing order must be narrowly tailored.  Civ. L.R. 79-5 (a).

10          The Court finds that the vast majority of the documents, and portions thereof, identified in

11   the motions are not appropriate for sealing.  The facts and arguments offered in support of sealing

12   the documents are scant.  For most documents the showing is inadequate to support a determination

13   that there are compelling reasons, such as trade secret protections or use for an improper purpose,

14   which would warrant sealing.  There are narrow exceptions, however, where the parties' motions

15   and the Court's review of the documents themselves support a determination that the documents

16   contain trade secret information that should not be part of the public file.  Such documents are

17   properly ordered sealed.  Nevertheless, sealing will not be ordered where the generalized discussion

18   of these documents in either the briefs or the separate statements does not reveal confidential

19   information.

20   **A.      Monster's October 31, 2012 Filing In Support of its Motion for Summary Judgment**

21          Monster's Motion to Seal regarding its October 31, 2012 Filing In Support of its Motion for

22   Summary Judgment is **GRANTED IN PART**.  The Court finds that there are compelling reasons to

23   seal the following material served by Monster on October 31, 2012, and these documents shall be

24   filed under seal on the Court's document filing system:

25   •   Declaration of Gabriel Gross, Exhibit 32, which includes trade secret information of

26       Monster.

27

28

2

The motion is otherwise denied.  The Court finds that there are not compelling reasons for sealing the following documents and they must be filed in unredacted form in the public court record unless any party elects to withdraw them from consideration:

- Declaration of Gabriel Gross, Exhibits 1, 21, and 38;
- Declaration of Christopher Bakewell, paragraphs 6, 8, and 9, and Exhibit A.

Moreover, the Court does not find any portion of the brief in support of the motion or the separate statement of facts to be appropriate for sealing.  Dolby withdrew its confidentiality designations as to the Declaration of Gabriel Gross, Exhibits 2, 19, 25, and 26.

**B.      Dolby's October 31, 2012 Filing In Support of its Motion for Partial Summary Judgment**

Dolby's Motion to Seal regarding its October 31, 2012 Filing In Support of its Motion for Partial Summary Judgment is **GRANTED IN PART**.  The Court finds that there are compelling reasons to seal the following material served by Dolby on October 31, 2012, and these documents shall be filed under seal on the Court's document filing system:

- Declaration of Carlos M. Lazatin, Exhibit C, Deposition Transcript of Craig Eggers at pg. 139:13-23 only.
- Declaration of Patrick Rossi, Exhibit A only as to those portions revealing Dolby's testing requirements and internal testing procedures for prototypes, all of which are protectable as trade secret information;
- Declaration of Patrick Rossi, Exhibit B;

The motion is otherwise denied.  The Court finds that there are not compelling reasons for sealing the following documents and they must be filed in unredacted form in the public court record unless any party elects to withdraw them from consideration:

- Declaration of Carlos M. Lazatin, Exhibit C, all pages other than 139:13-22;
- Declaration of Patrick Rossi, Exhibit A all portions other than those identified above;
- Declaration of Chris Kukshtel,  Exhibit A;
- Exhibit C attached to the Declaration of Patrick Rossi.

United States District Court
Northern District of California

1    Moreover, the Court does not find any portion of Dolby's brief in support of the motion or

2  Separate Statement of Facts to be appropriate for sealing.  Monster withdrew its confidentiality

3  designation as to the Declaration of Carlos M Lazatin, Exhibit F.

4  **C.    Monster's November 14, 2012 Filing In Opposition to Dolby's Motion for Partial**

5  **Summary Judgment**

6    Monster's Motion to Seal regarding its November 14, 2012 Filing In Opposition to Dolby's

7  Motion for Partial Summary Judgment is **GRANTED IN PART**.  The Court finds that there are

8  compelling reasons to seal the following material served by Monster on November 14, 2012, and

9  Grants the motion to seal as to these documents only:

10   • Declaration of Alfredo Perez de Alejo Exhibits E, F, G, H, I, J, K, and V, each of which

11     contain trade secret information concerning Dolby's technology and testing of prototype

12     products from potential licensees and partners.

13   • Declaration of Alfredo Perez de Alejo Exhibits O and R only as to those portions revealing

14     Dolby's testing requirements and internal testing procedures for prototypes all of which are

15     protectable as trade secret information;

16   • Declaration of Alfredo Perez de Alejo, Exhibit U, excerpt of Rossi Deposition, which

17     contains trade secret information about prototype product evaluation;

18   • Declaration of Alfredo Perez de Alejo, Exhibit W, excerpt of Rogers Deposition, which

19     contains trade secret technical information.

20   • Monster's Opposition Brief at 5:24-27 and 6:8-10.

21  The motion is otherwise denied.  The Court finds that there are not compelling reasons for sealing

22  the following documents and they must be filed in unredacted form in the public court record

23  unless any party elects to withdraw them from consideration:

24   • Declaration of Alfredo Perez de Alejo, Exhibit D does not contain trade secret information

25   • Declaration of Alfredo Perez de Alejo, Exhibits O and R as to all portions other than those

26     identified above.

27    Moreover, the Court does not find any portions of Monster's Opposition Brief, other than those

28  specified above, or any part of Monster's Responsive Separate Statement of Facts to be appropriate

United States District Court
Northern District of California

United States District Court
Northern District of California

1  for sealing.  Dolby withdrew its confidentiality designation as to the Declaration of Alfredo Perez

2  de Alejo, Exhibits A, B, and C.

3  **D.     Dolby's November 14, 2012 Filing In Opposition to Monster's Motion for Partial**

4  **Summary Judgment**

5        Dolby's Motion to Seal regarding its November 14, 2012 Filing In Opposition to Monster's

6  Motion for Partial Summary Judgment is **GRANTED IN PART.**  The Court finds that there are

7  compelling reasons to seal the following material served by Dolby on November 14, 2012, and

8  these documents shall be filed under seal on the Court's document filing system:

9    • The Declaration of Carlos Lazatin In Support of Monster's Motion for Summary Judgment

10       ("Lazatin Opposition Dec."), Exh. K and L contain trade secret information about products

11       in development.

12       The motion is otherwise denied.  The Court finds that there are not compelling reasons for

13  sealing the following documents and they must be filed in unredacted form in the public court

14  record unless any party elects to withdraw them from consideration:

15    • Declaration of Chris Kukshtel, paragraphs 5 and 6, and Exhibits A and B;

16    • Lazatin Opposition Dec. Exh. F, H, Z which contain generalized strategy information but

17       not trade secret information;

18    • Lazatin Opposition Dec. Exh. NN, OO which contain financial and damages-related figures,

19       not trade secret information.

20  Moreover, the Court does not find any portions of Dolby's Opposition Brief, other than those

21  specified above, or Dolby's Responsive Separate Statement of Facts to be appropriate for sealing.

22  The confidentiality designations of Exhibits E, S, U, W, X, Y, AA, and PP to the Lazatin

23  Opposition Dec. were withdrawn or not supported by Monster.

24  **E.     Monster's November 21, 2012 Filing in Reply on Its Motion for Summary Judgment**

25        Monster's Motion to Seal regarding its November 21, 2012 Filing in Reply on Its Motion

26  for Summary Judgment is **DENIED.**  The Court finds that there are not compelling reasons for

27  sealing the following documents and they must be filed in unredacted form in the public court

28  record unless any party elects to withdraw them from consideration:

5

United States District Court
Northern District of California

1    • Declaration of Gabriel Gross, Exhibit 2

2    • Redacted portions of Monster's reply brief.

3  **F.     Dolby's November 21, 2012 Filing in Reply on Its Motion for Partial Summary**

4  **Judgment**

5       Dolby's November 21, 2012 Filing in Reply on Its Motion for Partial Summary Judgment is

6  **GRANTED IN PART**.  The Court finds that there are compelling reasons to seal the following

7  material served by Dolby on November 21, 2012, and these documents shall be filed under seal on

8  the Court's document filing system:

9    • Declaration of Carlos Lazatin filed in support of Dolby's Reply, Exhibit Y only as to those

10     portions revealing Dolby's testing requirements and internal testing procedures for

11     prototypes all of which are protectable as trade secret information;

12     The motion is otherwise denied.  The Court finds that there are not compelling reasons for

13  sealing the following documents and they must be filed in unredacted form in the public court

14  record unless any party elects to withdraw them from consideration:

15    • Declaration of Carlos Lazatin filed in support of Dolby's Reply, Exhibit V, is not trade

16     secret information.

17    • Declaration of Carlos Lazatin filed in support of Dolby's Reply, Exhibit Y all portions other

18     than those listed above;

19    • Redacted portions of Dolby's reply brief.

20     Monster withdrew its confidentiality designation as to the Declaration of Carlos Lazatin

21  filed in support of Dolby's Reply, Exhibit R.

22                              **CONCLUSION**

23     As set forth above, the Court orders that, consistent with the above orders, documents as to

24  which a Motion to Seal has been granted shall be filed under seal in the Court's electronic filing

25  system consistent with Local Rule 79 and General Order 62.  If the Court has denied a motion to

26  seal, in whole or in part, the documents and portions thereof previously submitted under seal must

27  be filed in the public record, or affirmatively withdrawn from the Court's consideration in

28  connection with this motion.  Should any party elect to withdraw a document or statement that has

been ordered to be filed in the public record, that party shall file a notice specifying which

documents or portions of documents it is withdrawing from the Court's consideration in connection

with this motion no later than **January 22, 2013**.  *See* Local Rule 79-5(e).  All other documents,

including briefs and separate statements, must be filed in the public record on the Court's document

filing system no later than **January 22, 2013**.

The Court intends to issue its order on the pending motions for summary judgment shortly

thereafter.

This order terminates Docket Nos. 80, 87, 100, 104, 111, and 113.

**IT IS SO ORDERED.**

**Date:January 15, 2013**

_____

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California